LOUIS M. BUBALA, ESQ.  
Nevada State Bar No. 8974  
KAEMPFER CROWELL  
50 West Liberty Street, Suite 700  
Reno, NV 89501  
Telephone: (775) 852-3900  
Facsimile: (775) 327-2011  
Email: lbubala@kcnvlaw.com  

Electronically filed on  
January 29, 2015  

Attorneys for Creditor Legacy Land Bank, FLCA  

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF NEVADA

In re  

MICHAEL B. NICHOLSON and  
RASHELL D. NICHOLSON,  

    Debtors.

Case No.  BK-S-10-33895-LED

Chapter 13

**LIMITED RESPONSE REGARDING DEBTORS' MODIFIED CHAPTER 13 PLAN NUMBER 13, WITH CERTIFICATE OF SERVICE**

**Confirmation Hearing**  
Hearing Date: 2/5/15  
Hearing Time: 1:30 p.m.

    Debtors confirmed a plan in May 2013 (Ct. Dkt. #205). The Trustee moved to dismiss less than a month later for failure to turn over a tax refund (Ct. Dkt. #207). Unsecured Creditor Legacy Land Bank, FLCA filed a limited opposition to the motion to dismiss, seeking additional plan payments distributed to creditors (Ct. Dkt. #223). Debtors subsequently filed their 13th plan (Ct. Dkt. #226). The motion and plan repeatedly have been on calendar, with the Court's most recent order conditionally approving the plan (Ct. Dkt. #243). Confirmation was subject to several conditions and, if not satisfied, dismissal at the February 5 hearing. *Id.*

    For the February 5 hearing, Legacy filed a renewed limited opposition to the motion to dismiss, based on the conditional order contemplated dismissal, seeking distribution of plan payments (Ct. Dkt. #245). Procedurally, however, the only matter on calendar on February 5 is Debtors' confirmation hearing, not the Trustee's motion to dismiss. Although all relevant parties have been served with the Legacy's points and authorities, Legacy refiles them under this new

title to make sure that its arguments are before the court on the confirmation hearing.

The below is a verbatim reproduction of the points and authority filed in Legacy's renewed limited conditional opposition to the motion to dismiss (Ct. Dkt. #245):

On May 30, 2014, less than a month after confirmation, the trustee moved to dismiss this case due to debtor's failure to turn over a tax refund (Ct. Dkt. #207). Unsecured Creditor Legacy Land Bank, FLCA, originally filed a limited objection (Ct. Dkt. #223). Legacy requested that if the case were to be dismissed, that the trustee distribute "any such payment in accordance with the plan as soon as is practicable" under Section 1326(a)(2) prior to dismissal, which would revest the funds with the debtors under Section 349(b)(3).

After six scheduled hearings, on December 19, 2014, the Court entered a conditional order regarding confirmation of debtors' 13th proposed plan (Ct. Dkt. #243). The order required debtors to do two things by January 5, 2015: (1) verify for trustee that they are current on their mortgage payments, and (2) file and notice of hearing a feasible modified plan that pays all disposable income. *Id.* Debtors did not file any modified plan by the Court's deadline, and the trustee advised she will seek dismissal on February 5, 2015, as permitted under the prior order.

Legacy renews its request that the trustee distribute funds on hand prior to dismissal. The trustee has advised Legacy and Debtors that she would require a stipulation to make such any such distribution. The trustee did not specify the basis for the stipulated distribution, but presumably it arises from the revestment of funds with the debtor at dismissal. *See In re Nash*, 765 F.2d 1410, 1414 (9th Cir. 1985).

But there is no restriction on the trustee's distribution if made prior to the dismissal. There is nothing in the statute or cases that prevents entry of the dismissal order after the trustee's distribution of funds on hand. This is distinct from the facts presented in *Nash*, where the circuit held a trustee could not make a post-dismissal distribution to creditors. Legacy is asking that the trustee make her final pre-dismissal distribution.

Alternatively, the Court may order for cause that the funds in the trustee's possession do not revest with the debtor on dismissal. 11 U.S.C. 349(b)(3). Legacy asserts that cause arises in this case based on the debtors' failure to turn over its tax returns. Additionally, there were

repeated, continued hearings regarding dismissal premised on the claim that debtors could modify their plans to resolve the dispute—but nothing has changed in the past nine months. Creditors should not be penalized by having the funds on hand revest with the debtors, simply because the debtors did not comply with their obligations as debtors under the Code or in compliance with this Court's order.

Courts have found cause exists in similar situations to prevent revestment and approve distribution to creditors. "Such 'cause' clearly exists for this reason: The better part of a year elapsed from the time the Trustee filed his Motion to Dismiss, on October 19, 2010, until the time the Debtors' case was actually dismissed, an event which occurred on July 20, 2011. During this time, the Debtors continued to receive the benefits of the Bankruptcy Code—particularly, the automatic stay of § 362(a)—while they attempted to rectify deficiencies regarding the implementation of their plan. Having, thus, received the benefits of the Bankruptcy Code for an extended period of time, it can be expected that payments made by the Debtors while their bankruptcy case was pending should be allocated to their creditors in accordance with the intention of their Chapter 13 plan." *In re Hufford*, 460 B.R. 172, 178 (Bankr. N.D. Ohio 2011).

Judge Pappas reached a similar conclusion in *In re Torres*, Case No. 99-02609, 2000 WL 1515170, *2 (Bankr. D. Idaho Oct. 10, 2000). There was an eight-month delay in submission of the confirmation order due to a dispute over mortgage payment obligations, and debtors ultimately moved for dismissal. While the court granted the motion to dismiss, Judge Pappas found cause for the funds to be distributed by the trustee to creditors, rather than revesting with the debtors. "While the Court attributes no manipulative intent to the Debtors here, the results of the delay are the same as those in cases where mischief is at work: Debtors received protection through the Bankruptcy Code for some ten months while their creditors received nothing. Under these circumstances, the interests of the creditors are at risk." *Id.*

Dated this 29th day of January, 2015          By: /s/ Louis M. Bubala III

# CERTIFICATE OF SERVICE

1. On January 29, 2015, I served the following document(s):

**LIMITED RESPONSE REGARDING DEBTORS' MODIFIED CHAPTER 13 PLAN NUMBER 13, WITH CERTIFICATE OF SERVICE**

2. I served the above-named document(s) by the following means to the persons as listed below:

■ a. **ECF System** (attach the "Notice of Electronic Filing" or list all persons and addresses):

MICHAEL J. BROCK on behalf of Debtor MICHAEL B NICHOLSON
jpl.bknotices@gmail.com

MICHAEL J. BROCK on behalf of Joint Debtor RASHELL D NICHOLSON
jpl.bknotices@gmail.com

LOUIS M. BUBALA, III on behalf of Creditor LEGACY LAND BANK FLCA
lbubala@kcnvlaw.com, bubalalawyer@gmail.com

DISCOVER BANK / DB SERVICING CORPORATION (all)
mrdiscpc@discover.com

GEORGE HAINES on behalf of Debtor MICHAEL B NICHOLSON
igotnotices@hainesandkrieger.com

GEORGE HAINES on behalf of Joint Debtor RASHELL D NICHOLSON
igotnotices@hainesandkrieger.com

DAVID KRIEGER on behalf of Debtor MICHAEL B NICHOLSON
igotnotices@hainesandkrieger.com

DAVID KRIEGER on behalf of Debtor MICHAEL B NICHOLSON
igotnotices@hainesandkrieger.com;nevadaign@gmail.com

DAVID KRIEGER on behalf of Joint Debtor RASHELL D NICHOLSON
igotnotices@hainesandkrieger.com

DAVID KRIEGER on behalf of Joint Debtor RASHELL D NICHOLSON
igotnotices@hainesandkrieger.com;nevadaign@gmail.com

KATHLEEN A. LEAVITT
courtsecf3@las13.com

KATHLEEN A. LEAVITT on behalf of Trustee KATHLEEN A. LEAVITT
courtsecf3@las13.com

1  ERVEN T. NELSON on behalf of Creditor The Village Bank
   enelson@djplaw.com, glacascia@djplaw.com

2

3  JESSICA G. PETERSON on behalf of Creditor The Village Bank
   jpeterson@djplaw.com, khughes@djplaw.com

4  RONALD H REYNOLDS on behalf of Creditor BAC Home Loans Servicing, LP
   paula@reynoldslawyers.com

5

6  RONALD H REYNOLDS on behalf of Creditor PORTFOLIO RECOVERY ASSOCIATES, LLC, SUCCESSOR IN INTEREST TO CITIBANK (SOUTH DAKOTA), N.A. (M-SHELL CONSUMER)

7  paula@reynoldslawyers.com

8  JEFFREY SLOANE on behalf of Creditor FORD MOTOR CREDIT
   barbara@jsloanelaw.com

9

10 WOLFE THOMPSON on behalf of Creditor CANDICA, LLC
   wolfe@wolfelawyer.com, assistant@wolfelawyer.com;advnotices@w-legal.com;SamC@w-legal.com

11

12 WOLFE THOMPSON on behalf of Creditor DISCOVER BANK / DB SERVICING CORPORATION (all)
   wolfe@wolfelawyer.com, assistant@wolfelawyer.com;advnotices@w-legal.com;SamC@w-legal.com

13

14 MICHAEL F THOMSON on behalf of Creditor The Village Bank
   thomson.michael@dorsey.com

15

16 I declare under penalty of perjury that the foregoing is true and correct.

17 DATED this 29th day of January, 2015.

18 Cheryl Byrne                          /s/ Cheryl Byrne
   Name                                  Signed

19

20

21

22

23

24

KAEMPFER CROWELL
50 West Liberty Street, Suite 700
Reno, Nevada 89501